## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **DENNIS HALFPENNY**,<br>401 S. Grove St., 1A<br>Oak Park, IL 60302<br><br>and<br><br>**SHARON HALFPENNY**,<br>401 S. Grove St., 1A<br>Oak Park, IL 60302<br><br>          Plaintiffs,<br><br>   vs.<br><br>**NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER**,<br>c/o Illinois Corporation Service C<br>801 Adlai Stevenson Dr.<br>Springfield, IL 62703<br><br>and<br><br>**SN SERVICING CORPORATION**,<br>c/o Prentice Hall Corporation<br>801 Adlai Stevenson Dr.<br>Springfield, IL 62703<br><br>        Defendants. | CASE NO.<br><br>JUDGE<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY DEMAND ENDORSED HEREON** |

Plaintiffs Dennis Halfpenny and Sharon Halfpenny, through counsel, bring this action against Defendants Nationstar Mortgage LLC d/b/a Mr. Cooper and SN Servicing Corporation, and state as follows for their *Complaint for Damages*:

## WHY PLAINTIFFS ARE FILING THIS COMPLAINT

1.    Plaintiffs Dennis Halfpenny ("Mr. Halfpenny") and Sharon Halfpenny ("Mrs. Halfpenny") (collectively, "Plaintiffs" or the "Halfpennys") have spent the last six years trying to get their servicers, Defendants Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar")

Nationstar and SN Servicing Corporation ("SN Servicing") (collectively, "Defendants"), to properly apply their mortgage payments. When Plaintiffs have exercised their rights under federal law to ask Defendants to investigate and correct errors related to their account, they, like Wile E. Coyote, have repeatedly run into brick walls created by Defendants. Plaintiffs seek to clarify and determine once and for all the correct balance on the mortgage loan and to hold both Defendants liable for their frustrating experience.

## PARTIES, JURISDICTION, AND VENUE

2.      Plaintiffs are the owners of residential real property, located at and commonly known as 401 S. Grove St., 1A, Oak Park, IL 60302 (the "Home"), which until 2015 they maintained as their principal residence. Since that time, Plaintiffs have allowed their adult children to reside in and maintain the Home.

3.      SN Servicing is the current servicer of a note executed by Plaintiffs (the "Note") and of a mortgage on the Home that secures said note (the "Mortgage") (collectively, the "Loan"). The Loan is attached as **Exhibit 1**.

4.      Nationstar is the prior servicer of the Loan.

5.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under the Dodd-Frank Wall Street Reform and Consumer Protection Act (DFA) and Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq.* (RESPA).

6.      This Court has supplemental jurisdiction to hear any and all state law claims that Plaintiffs plead herein or that may subsequently arise pursuant to 28 U.S.C. § 1367.

7.      Venue lies in this District pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District and the property that is the subject of the action is situated in this District.

## SUMMARY OF CLAIMS

8.      This action is filed to enforce regulations promulgated by the Consumer Finance Protection Bureau (CFPB) and implemented pursuant to 12 U.S.C. § 2605(f) that became effective on January 10, 2014, specifically, 12 C.F.R. § 1024.1, *et seq.* ("Regulation X").

9.      In January 2013, the CFPB issued a number of final rules concerning mortgage markets in the United States, pursuant to the DFA, Public Law No. 111-203, 124 Stat. 1376 (2010).

10.      Specifically, on January 17, 2013, the CFPB issued the Real Estate Settlement Procedures Act Mortgage Servicing Final Rules, 78 FR 10695 (Regulation X) (February 14, 2013), which became effective on January 10, 2014.

11.      Mortgage servicers are prohibited from failing "to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties." 12 U.S.C. § 2605(k)(1)(C).

12.      Mortgage servicers are prohibited from failing "to respond within 10 business days to a request from a borrower to provide the identity, address, and other relevant contact information about the owner or assignee of the loan." 12 U.S.C. § 2605(k)(1)(D).

13.      Mortgage servicers are prohibited from failing "to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of [RESPA]." 12 U.S.C. § 2605(k)(1)(E).

14.      Plaintiffs assert claims for relief for violations of the specific rules under Regulation X, as set forth, *infra*.

15.      The Loan is a "federally related mortgage loan" as defined by 12 C.F.R. § 1024.2(b).

16.     Plaintiffs have a private right of action under RESPA pursuant to 12 U.S.C. § 2605(f) for the claimed violations and such action provides for remedies, including actual damages, statutory damages, and attorneys' fees and costs.

17.     Plaintiffs also assert claims for violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1 *et seq.*, which entitles Plaintiffs to recover actual damages, statutory damages, punitive damages, and attorneys' fees and costs.

## FACTUAL BACKGROUND

18.     On June 17, 2003, Plaintiffs financed the Loan through non-party Irwin Mortgage Corporation.

19.     On October 31, 2016, Mrs. Halfpenny filed for Chapter 13 bankruptcy protection in the United States Bankruptcy Court for the Northern District of Illinois, Case No. 16-34776 (the "Bankruptcy"). A copy of the docket sheet for the Bankruptcy is attached as **Exhibit 2**.

20.     On December 16, 2016, Seterus, Inc. ("Seterus")[1] filed a Notice of Payment Change in the Bankruptcy, indicating that Plaintiffs' monthly payment for the Loan would be $795.56 effective February 1, 2017. A copy of the Notice of Payment Change is attached as **Exhibit 3**.

21.     On March 15, 2017, Seterus filed Proof of Claim No. 2-1 with a payment history for the Loan in the Bankruptcy (the "Proof of Claim"), wherein Seterus asserted a pre-petition mortgage arrearage of $45,454.11 and an on-going mortgage payment of $1,145.72. A copy of the Proof of Claim is attached as **Exhibit 4**.

22.     Upon review of the payment history attached to the Proof of Claim, Plaintiffs discovered that Seterus (now known as Nationstar) had committed several errors including:

---

[1] Nationstar acquired Seterus in 2019.

a. Seterus applied the pre-petition payments due from December 1, 2012 through August 1, 2014 in the amount of $1,061.53 when, pursuant to the Proof of Claim, these payments should have been applied in the amount of $1,145.72.

b. Seterus applied the pre-petition payment due for October 1, 2015 in the amount of $951.68 when, pursuant to the Proof of Claim, this payment should have been applied in the amount of $985.49.

c. Seterus applied the pre-petition payment due for January 1, 2016 in the amount of $913.42 when, pursuant to the Proof of Claim, this payment should have been applied in the amount of $985.46.

23.    Since the filing of the Bankruptcy, Defendants have each intermittently sent periodic billing statements to Plaintiffs. A copy of the periodic billing statements Nationstar sent to Plaintiffs is attached as **Exhibit 5**.

24.    Upon review of the periodic billing statements, Plaintiffs discovered that Nationstar had committed further errors including:

a. The March 22, 2019 periodic billing statement asserts that the payment due for April 1, 2019 was $985.49.

b. The March 22, 2019, April 18, 2019, May 20, 2019, and July 18, 2019 periodic billing statements state that there was a partial payment balance of $319.55.

c. The July 18, 2019 periodic billing statement asserts that the payment due for April 1, 2019 and on-going was $1,076.00.

d. The June 18, 2019 periodic billing statement states that there was a partial payment balance of $1,115.11.

e.  The July 18, 2019 periodic billing statement claims that the escrow balance was a negative $3,568.23, when the proper escrow balance should have been a negative $1,265.54.

f.  The August 20, 2019 and September 18, 2019 periodic billing statements state that there was a partial payment balance of $39.11.

g.  The August 20, 2019 periodic billing statement claims that the escrow balance was a negative $3,159.62, when the proper escrow balance should have been a negative $856.93.

h.  The September 18, 2019 periodic billing statement claims that the escrow balance was a negative $2,751.01, when the proper escrow balance should have been a negative $448.02.

i.  The October 21, 2019 periodic billing statement claims that the escrow balance was a negative $1,525.18, when the proper escrow balance should have been $777.51.

25.  Upon review of the Proof of Claim and the periodic billing statements, it appeared that Nationstar had not performed an annual escrow analysis since February 1, 2017.

26.  On November 22, 2019, Nationstar notified Plaintiffs that Nationstar would be transferring the servicing of the Loan to SN Servicing effective December 16, 2019. A copy of the Nationstar's Goodbye Letter is attached as **Exhibit 6**.

27.  On or about January 8, 2020, SN Servicing sent a periodic billing statement to Plaintiffs improperly indicating that they owed a "post-petition amount due of $41,696.17". Additionally, the statement notes that there were unapplied funds of $1,534.29, an amount greater

than any periodic payment due on the Loan. A copy of the periodic billing statements SN Servicing sent to Plaintiffs is attached as **Exhibit 7**.

28.     On or about February 5, 2020, SN Servicing sent a periodic billing statement to Plaintiffs improperly indicating that they owed a "post-petition amount due of $40,735.68". Additionally, the statement notes that there were unapplied funds of $1,390.50, again an amount greater than any periodic payment due on the Loan. *See* **Exhibit 7**.

29.     On or about March 4, 2020, SN Servicing sent a periodic billing statement to Plaintiffs improperly indicating that they owed a "post-petition amount due of $40,013.33". Additionally, the statement notes that there were unapplied funds of $639.31 and a balance of $1,761.79 for Nationstar's corporate advances. *See* **Exhibit 7**.

30.     On or about April 8, 2020, SN Servicing sent a periodic billing statement to Plaintiffs improperly indicating that they owed a "post-petition amount due of $17,755.01". Additionally, the statement notes that there were NSF Fees of $25.00, Arrearage Interest of $10,875.78, Arrearage Principal of $6,189.97, and PPFN Other of $738.94. *See* **Exhibit 7**.

## PLAINTIFFS' ATTEMPTS TO REQUEST INFORMATION FROM DEFENDANTS AND HAVE DEFENDANTS CORRECT ERRORS

31.     On or about June 18, 2019, Plaintiffs sent a notice of error and request for information ("NOE #1/RFI #1") to Nationstar at the address designated by Nationstar for receipt of requests for information pursuant to 12 C.F.R. § 1024.36(b) and notices of error pursuant to 12 C.F.R. § 1024.35(c) (the "Nationstar Designated Address") via Certified Mail. A copy of NOE #1/RFI #1 and tracking information evidencing delivery of NOE #1/RFI #1 from the website for the United States Postal Service's (USPS) website (www.usps.com) is attached as **Exhibit 8**.

32.     Through NOE #1, Plaintiffs alleged that Nationstar failed to send all required periodic billing statements to Plaintiffs. *See* **Exhibit 8**.

33. Through RFI #1, Plaintiffs requested information related to the Loan from Nationstar. *See* **Exhibit 8**.

34. Nationstar received NOE #1/RFI #1 at the Nationstar Designated Address on June 24, 2019. *See* **Exhibit 8**.

35. On or before August 6, 2019, Nationstar was required to perform a reasonable investigation into the errors asserted by NOE #1 and provide Plaintiffs with a written notification of the results of the investigation. *See* 12 C.F.R. § 1024.35(e).

36. On or before August 6, 2019, Nationstar was required to conduct a reasonable search for the information requested by RFI #1 and provide Plaintiffs with a written notification of the results of the search. *See* 12 C.F.R. § 1024.36(d).

37. Nationstar failed to timely and properly respond to NOE #1, and on information and belief, failed to correct or perform a reasonable investigation into the errors asserted by NOE #1.

38. Nationstar failed to timely and properly respond to RFI #1, and on information and belief, failed to perform a reasonable search for the information requested by RFI #1.

39. Due to the absence of any response by Nationstar, on or about January 30, 2020, Plaintiffs, through counsel, sent a notice of error ("NOE #2") to Nationstar at the Nationstar Designated Address via Certified Mail. A copy of NOE #2 and tracking information evidencing delivery of NOE #1 from the USPS's website (www.usps.com) is attached as **Exhibit 9**.

40. Through NOE #2, Plaintiffs alleged that Nationstar committed an error by failing to timely and properly respond to NOE #1. *See* **Exhibit 9**.

41. On or about January 30, 2020, Plaintiffs, through counsel, sent a notice of error and request for information ("NOE #3/RFI #2") to Nationstar at the Nationstar Designated Address

via Certified Mail. A copy of NOE #3/RFI #2 and tracking information evidencing delivery of NOE #3/RFI #2 from the website for the USPS's website (www.usps.com) is attached as **Exhibit 10**.

42.     Through NOE #3, Plaintiffs alleged that Nationstar committed errors by failing to properly apply accepted mortgage payments pursuant to the terms of the Loan and applicable law and failing to perform a required escrow analysis. *See* **Exhibit 10**.

43.     Through RFI #2, Plaintiffs requested information related to the Loan from Nationstar. *See* **Exhibit 10**.

44.     Nationstar received NOE #2 and NOE #3/RFI #2 at the Nationstar Designated Address on February 10, 2020. *See* **Exhibits 9 and 10**.

45.     On or about March 20, 2020, Nationstar sent Plaintiffs correspondence extending its time to respond to NOE #2 and NOE #3/RFI #2 to April 14, 2020[2]. A copy of the March 20, 2020 correspondence is attached as **Exhibit 11**.

46.     On or before April 14, 2020, Nationstar was required to perform a reasonable investigation into the errors asserted by NOE #2 and NOE #3 and provide Plaintiffs with a written notification of the results of the investigation. *See* 12 C.F.R. § 1024.35(e).

47.     On or before April 14, 2020, Nationstar was required to conduct a reasonable search for the information requested by RFI #2 and provide Plaintiffs with a written notification of the results of the search. *See* 12 C.F.R. § 1024.36(d).

---

[2] In the correspondence, Nationstar states that Plaintiffs should "[e]xpect to hear from [Nationstar] by April 7, 2020." *See* **Exhibit 11**. 12 C.F.R. § 1024.35(e)(3)(ii) allowed Nationstar one opportunity to extend the time period for responding to notices of error (30 business days) by an additional 15 business days. April 14, 2020 is 45 business days from February 10, 2020, which is the date of receipt of NOE #2 and NOE #3/RFI #2 by Nationstar.

48.     Nationstar failed to timely and properly respond to NOE #2 and NOE #3, and on information and belief, failed to correct or perform reasonable investigations into the errors asserted through NOE #2 and NOE #3.

49.     Nationstar failed to timely and properly respond to RFI #2, and on information and belief, failed to perform a reasonable search for the information requested through RFI #2.

50.     On or about January 30, 2020, Plaintiffs, through counsel, sent a notice of error ("NOE #4/RFI #3") to SN Servicing at the address designated by SN Servicing for receipt of requests for information pursuant to 12 C.F.R. § 1024.36(b) and notices of error pursuant to 12 C.F.R. § 1024.35(c) (the "SN Servicing Designated Address") via Certified Mail. A copy of NOE #4/RFI #3 and tracking information evidencing delivery of NOE #4/RFI #3 from the website for the USPS's website (www.usps.com) is attached as **Exhibit 12**.

51.     Through NOE #4, Plaintiffs alleged that SN Servicing committed errors by failing to properly apply accepted payments pursuant to the terms of the Loan and applicable law. *See* **Exhibit 12**.

52.     Through RFI #3, Plaintiffs requested information related to the Loan from SN Servicing. *See* **Exhibit 12**.

53.     SN Servicing received NOE #4/RFI #3 at the SN Servicing Designated Address on February 7, 2020. *See* **Exhibit 12**.

54.     On or before March 23, 2020, SN Servicing was required to correct or perform a reasonable investigation into the errors asserted through NOE #4 and provide Plaintiffs with a written notification of the results of the investigation. *See* 12 C.F.R. § 1024.35(e).

55.     On or before March 23, 2020, SN Servicing was required to conduct a reasonable search for the information requested by RFI #3 and provide Plaintiffs with a written notification of the results of the search. *See* 12 C.F.R. § 1024.36(d).

56.     SN Servicing failed to timely and properly respond to NOE #4, and on information and belief, failed to perform a reasonable investigation into the errors asserted by NOE #4.

57.     SN Servicing failed to timely and properly respond to RFI #3, and on information and belief, failed to perform a reasonable search for the information requested by RFI #3.

58.     On or about February 27, 2020, Plaintiffs, through counsel, sent a request for information ("RFI #4") to SN Servicing at the SN Servicing Designated Address via Certified Mail. A copy of RFI #4 and tracking information evidencing delivery of RFI #4 from the website for the USPS's website (www.usps.com) is attached as **Exhibit 13**.

59.     Through RFI #4, Plaintiffs requested additional information related to the Loan from SN Servicing. *See* **Exhibit 13**.

60.     SN Servicing received RFI #4 at the SN Servicing Designated Address on March 6, 2020. *See* **Exhibit 13**.

61.     On or before April 17, 2020, SN Servicing was required to conduct a reasonable search for the information requested by RFI #4 and provide Plaintiffs with a written notification of the results of the search. *See* 12 C.F.R. § 1024.36(d).

62.     SN Servicing failed to timely and properly respond to RFI #4, and on information and belief, failed to perform a reasonable search for the information requested by RFI #4.

63.     On March 20, 2020, instead of responding to NOE #4/RFI #3 and RFI #4, SN Servicing sent a notice claiming that the Loan was "due for the April 1, 2020 payment". A copy of the Notice of Attempt to Collect Debt is attached as **Exhibit 14**.

## IMPACT AND DAMAGE TO PLAINTIFFS

64.     All that Plaintiffs have wanted since 2003, and in particular since Mrs. Halfpenny filed the Bankruptcy, is for Defendants to maintain a proper accounting of the payments due on the Loan.

65.     Rather, due to Nationstar's failure to respond to NOE #1, NOE #2, and NOE #3 and SN Servicing's failure to respond to NOE #4, Plaintiffs have been forced to endure a repeated and ongoing pattern of misapplied payments, incorrect billing statements, and constant frustration and anxiety that the Loan balance is incorrect.

66.     The actions of Nationstar and SN Servicing exacerbated any actual delinquency on the Loan and further caused the Plaintiffs to remain in a seriously delinquent status at a time when, had either of the Defendants acted appropriately and with reasonable diligence in their handling of errors alleged, the total delinquency related to the Loan would be limited to those pre-petition mortgage arrearage payments still outstanding to be paid by Mrs. Halfpenny in her Chapter 13 per the Proof of Claim filed.

67.     As a result of Defendants' actions, as detailed hereon, the Halfpenny's have further suffered actual economic damages including but not limited to:

    a.  The misapplication of at least $9,353.89 in payments tendered to the Loan since 2016 to the principal balance, interest balance and/or escrow balance owed on the Loan;

    b.  Postage costs incurred by the Plaintiffs in sending NOE #1;

    c.  Plaintiffs' costs in retaining an accounting expert to review the accounting history for the Loan;

     d.   Attorney's fees and postage costs in preparing and sending NOE #2 and NOE #3 to Nationstar and NOE #4 to SN Servicing; and

     e.   The denial of at least one application for refinancing in July 2019 based on Nationstar's failure to properly apply payments and/or supply periodic billing statements.

68.     In addition to their actual economic damages, Plaintiffs have suffered actual non-economic damages in an amount to be determined related to emotional distress from Defendants' misapplication of payments which has resulted in loss of sleep, anxiety, depression, embarrassment, and other significant manifestations of emotional distress.

## PATTERN AND PRACTICE OF REGULATION X VIOLATIONS BY NATIONSTAR

69.     Nationstar's actions are part of a pattern and practice of behavior in violation of Plaintiffs' rights and in abdication and contravention of Nationstar's obligations under the mortgage servicing regulations set forth in Regulation X of RESPA.

70.     At the time of the filing of this Complaint, consumers, nationally, have lodged Seven Thousand Three Hundred Fifty-One (7,351) complaints against Nationstar specifically concerning the issue identified on the CFPB's consumer complaint database as "loan modification, collection, foreclosure" related to mortgages. Each such complaint is filed and cataloged in the CFPB's publicly accessible online database. (http://www.consumerfinance.gov/complaint database/).

71.     At the time of the filing of this Complaint, consumers, nationally, have lodged Six Thousand Seven Hundred Thirty-Nine (6,739) complaints against Nationstar specifically concerning the issue identified on the CFPB's consumer complaint database as "loan servicing, payments, escrow account" related to mortgages. Each such complaint is filed and cataloged in the

CFPB's publicly accessible online database. (http://www.consumerfinance.gov/complaint database/).

72.     Plaintiffs have reviewed the CFPB's consumer complaint database and have identified other similar RESPA violations that other borrowers allege Nationstar has committed. In particular, Plaintiffs have reviewed the fifteen (15) consumer complaints attached hereto and identified as **Group Exhibit 15**. The date, details, and a narrative disclosed by the consumer is set forth in each complaint. The complaints evidence conduct demonstrating Nationstar's pattern and practice of violating RESPA with respect to other borrowers.

## PATTERN AND PRACTICE OF REGULATION X VIOLATIONS BY SN SERVICING

73.     SN Servicing's actions are part of a pattern and practice of behavior in violation of Plaintiffs' rights and in abdication and contravention of SN Servicing's obligations under the mortgage servicing regulations set forth in Regulation X of RESPA.

74.     At the time of the filing of this Complaint, consumers, nationally, have lodged Thirty-Seven (37) consumer complaints against SN servicing specifically concerning the issue identified on the CFPB's consumer complaint database as "loan modification, collection, foreclosure" related to mortgages. Each such complaint is filed and cataloged in the CFPB's publicly accessible online database. (http://www.consumerfinance.gov/complaint database/).

75.     At the time of the filing of this Complaint, consumers, nationally, have lodged Thirty-Two (32) consumer complaints against SN Servicing specifically concerning the issue identified on the CFPB's consumer complaint database as "loan servicing, payments, escrow account" related to mortgages. Each such complaint is filed and cataloged in the CFPB's publicly accessible online database. (http://www.consumerfinance.gov/complaint database/).

76.     Plaintiffs have reviewed the CFPB's consumer complaint database and have identified other similar RESPA violations that other borrowers allege SN Servicing has committed. In particular, Plaintiffs have reviewed the fifteen (15) consumer complaints attached hereto and identified as **Group Exhibit 16**. The date, details, and a narrative disclosed by each consumer is set forth in each complaint. The complaints evidence conduct demonstrating SN Servicing's pattern and practice of violating RESPA with respect to other borrowers.

## COUNT ONE: AGAINST NATIONSTAR
## VIOLATIONS OF RESPA, 12 C.F.R. § 1024.35(e) AND 12 U.S.C. § 2605(k)

**(Failure to perform reasonable investigations into the errors asserted by NOE #1, NOE #2 and NOE #3)**

77.     Plaintiffs restate and incorporate all of their statements and allegations contained in paragraphs 1 through 76, in their entirety, as if fully rewritten.

78.     12 C.F.R. § 1024.35(a) provides that "[a] servicer shall comply with the requirements of this section for any written notice from the borrower that asserts an error and that includes the name of the borrower, information that enables the servicer to identify the borrower's mortgage loan account, and the error the borrower believes has occurred."

79.     Comment 1 of the CFPB's Official Interpretations of 12 C.F.R. § 1024.35(a) provides that "[a] notice of error is submitted by a borrower if the notice of error is submitted by an agent of the borrower."

80.     12 C.F.R. § 1024.35(e)(1)(i) provides:

(A)     Correcting the error or errors identified by the borrower and providing the borrower with a written notification of the correction, the effective date of the correction, and contact information, including a telephone number, for further assistance; or

(B)     Conducting a reasonable investigation and providing the borrower with a written notification that includes a statement

15

> that the servicer has determined that no error occurred, a
> statement of the reason or reasons for this determination, a
> statement of the borrower's right to request documents relied
> upon by the servicer in reaching its determination, information
> regarding how the borrower can request such documents, and
> contact information, including a telephone number, for further
> assistance.

81.     12 U.S.C. § 2605(k)(1)(C) provides that "[a] servicer of a federally related mortgage shall not … fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties."

82.     Standard servicer duties are those "typically undertaken by servicers in the ordinary course of business." 78 FR 10696, 10739.

83.     12 U.S.C. § 2605(k)(1)(E) provides that "[a] servicer of a federally related mortgage shall not … fail to comply with any other obligation found by the Bureau of Consumer Financial Protection, by regulation, to be appropriate to carry out the consumer protection purposes of this chapter."

84.     NOE #1, NOE #2, and NOE #3 (the "Nationstar NOEs") each meet the requirements of a notice of error as defined by 12 C.F.R. § 1024.35(a) as each contains Plaintiffs' names, loan number, property address, and state the errors Plaintiffs believe to have occurred. *See* **Exhibits 8, 9, and 10**.

85.     Plaintiffs sent the Nationstar NOEs to Nationstar at the Nationstar Designated Address and Nationstar received the same at the Nationstar Designated Address. *See* **Exhibits 8, 9, and 10**.

86.     Nationstar wholly failed to respond to each of the Nationstar NOEs, and, on information and belief, failed to correct or perform any reasonable investigation into the errors asserted by the Nationstar NOEs.

87.     Nationstar's actions caused Plaintiffs to suffer actual damages as specifically alleged *supra*.

88.     Nationstar's failure to respond to, correct, or properly investigate the errors alleged through each the Nationstar NOEs constitutes numerous distinct violations of 12 C.F.R. § 1024.35(e) and 12 U.S.C. §§ 2605(k)(1)(C) and (E), one such violation for each of the Nationstar NOEs to which Nationstar failed to properly respond.

89.     Nationstar's actions are believed to be part of a pattern and practice of behavior in conscious disregard for Plaintiffs' rights and in abdication of its obligations and duties under RESPA and Regulation X.

90.     As a result of Nationstar's actions, Nationstar is liable to Plaintiffs for actual damages and statutory damages. 12 U.S.C. § 2605(f)(1).

91.     Additionally, Plaintiffs request reasonable attorneys' fees and costs incurred in connection with this action. 12 U.S.C. § 2605(f)(3).

**WHEREFORE**, Plaintiffs Dennis Halfpenny and Sharon Halfpenny pray that this Court enter its order granting judgment against Defendant Nationstar Mortgage LLC d/b/a Mr. Cooper for the following:

A.     Actual damages in an amount to be determined at trial;

B.     Statutory damages of Two Thousand Dollars ($2,000.00) per each violation of 12 C.F.R. § 1024.35(e) and 12 U.S.C. §§ 2605(k)(1)(C) and (E);

C.     Reasonable attorneys' fees and costs; and,

D.      Such other relief which this Court may deem appropriate.

## COUNT TWO: AGAINST NATIONSTAR
## VIOLATIONS OF RESPA, 12 C.F.R. § 1024.36(d) AND 12 U.S.C. § 2605(k)

### (Failure to timely and properly respond to RFI #1)

92.     Plaintiffs restate and incorporate all of their statements and allegations contained in paragraphs 1 through 76, in their entirety, as if fully rewritten.

93.     12 C.F.R. § 1024.36(a) provides, in relevant part, that a request for information may consist of "any written request for information from a borrower that includes the name of the borrower, information that enables the servicer to identify the borrower's mortgage loan account, and states the information the borrower is requesting with respect to the borrower's mortgage loan."

94.     There is no requirement that a borrower's request for information must be related to servicing. *See* 12 C.F.R. § 1024.36(a); 78 FR 10696, 10761 ("While the final rule does not require that servicers undertake the information request procedures in § 1024.36(c) and (d) for oral submissions, it does not limit information requests to those related to servicing.").

95.     Comment 1 of the Official Interpretations of the CFPB to 12 C.F.R. § 1024.36(a) provides that "[a]n information request is submitted by a borrower if the information request is submitted by an agent of the borrower."

96.     12 C.F.R. § 1024.36(d)(1) provides, in relevant part, that:

[A] servicer must respond to an information request by either:

> (i) Providing the borrower with the requested information and contact information, including a telephone number, for further assistance in writing; or

> (ii) Conducting a reasonable search for the requested information and providing the borrower with a written notification that states that the servicer has determined that the requested information is not available to the servicer, provides the basis for the servicer's determination, and

provides contact information, including a telephone number, for further assistance.

97.     Furthermore, 12 C.F.R. § 1024.36(d)(2)(i)(B) provides that "[a] servicer must comply with the requirements of paragraph (d)(1) of this section … not later than 30 days (excluding legal public holidays, Saturdays, and Sundays) after the servicer receives the information request."

98.     12 U.S.C. § 2605(k)(1)(E) provides that "[a] servicer of a federally related mortgage shall not … fail to comply with any other obligation found by the Bureau of Consumer Financial Protection, by regulation, to be appropriate to carry out the consumer protection purposes of this chapter."

99.     RFI #1 meets the definition of a request for information as defined by 12 C.F.R. § 1024.36(a) because it contains Plaintiffs' names, loan number, property address, and requests information related to the Loan. *See* **Exhibit 8**.

100.    Plaintiffs sent RFI #1 to Nationstar at the Nationstar Designated Address and Nationstar received the same at the Nationstar Designated Address. *See* **Exhibit 8**.

101.    Nationstar wholly failed to provide Plaintiffs with correspondence in response to RFI #1 in violation of 12 C.F.R. § 1024.36(d), at *best* providing a response through correspondence dated April 29, 2020 which was far from timely.

102.    Nationstar's actions in failing to timely and properly respond to RFI #1 caused Plaintiffs to suffer actual damages, specifically Plaintiffs incurred fees and costs to have counsel prepare and send NOE #2/RFI #2 on their behalf to Nationstar, which would not have been necessary but for Nationstar's failure to timely and properly respond to RFI #1.

103.    Nationstar's failure to timely and properly respond to RFI #1 constitutes a distinct violation of 12 C.F.R. § 1024.36(d) and 12 U.S.C. § 2605(k)(1)(E).

104.     Nationstar's actions are believed to be part of a pattern and practice of behavior in conscious disregard for Plaintiffs' rights and in abdication of its obligations and duties under RESPA and Regulation X.

105.     As a result of Nationstar's actions, Nationstar is liable to Plaintiffs for actual damages as further described, *supra*, and statutory damages. 12 U.S.C. § 2605(f)(1).

106.     Additionally, Plaintiffs request reasonable attorneys' fees and costs incurred in connection with this action. 12 U.S.C. § 2605(f)(3).

**WHEREFORE**, Plaintiffs Dennis Halfpenny and Sharon Halfpenny pray that this Court enter its order granting judgment against Defendant Nationstar Mortgage LLC d/b/a Mr. Cooper for the following:

A.     Actual damages in an amount to be determined at trial;

B.     Statutory damages of Two Thousand Dollars ($2,000.00) per each violation of 12 C.F.R. § 1024.36(d) and 12 U.S.C. § 2605(k)(1)(E);

C.     Reasonable attorneys' fees and costs; and,

D.     Such other relief which this Court may deem appropriate.

### COUNT THREE: AGAINST NATIONSTAR
### VIOLATIONS OF ICFA, 815 ILCS 505/1, *et seq.*

107.     Plaintiffs restate and incorporate all of their statements and allegations contained in paragraphs 1 through 76, in their entirety, as if fully rewritten.

108.     815 ILCS 505/2, states, in relevant part:

Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact... in the conduct of any trade or

commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

109.     815 ILCS 505/10a, states, in relevant part, that "[a]ny person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion, may award actual economic damages or any other relief which the court deems proper."

110.     Nationstar violated ICFA by engaging in an unfair and deceptive act or practice by deceptively representing, falsely representing, and/or misrepresenting to Plaintiffs the status of the Loan, the amounts owed, and how their payments were applied through its periodic billing statements.

111.     Nationstar's conduct occurred during the course of trade or commerce.

112.     Nationstar's unfair and deceptive conduct was immoral, unethical, unscrupulous and oppressive, especially in that Nationstar was, at all times relevant, in a position of strength in relation to Plaintiffs.

113.     Nationstar owed Plaintiffs a duty of good faith and fair dealing and a fiduciary duty as servicer as Nationstar had discretion with respect to its application of Plaintiffs' monthly mortgage payments.

114.     Nationstar's conduct violates public policy, including RESPA, because, as detailed *supra*, Nationstar used deceptive, false, and misleading representations in connection with its collection of the Loan.

115.     Nationstar's conduct caused Plaintiffs to suffer actual damages as detailed *supra*.

116.     Nationstar's conduct has further caused Plaintiffs to suffer severe emotional distress driven by fear and uncertainty in their financial well-being and their obligations under the

Loan which has resulted in loss of sleep, anxiety, depression, and other significant harm as further described, *supra*.

117.　As a result of Nationstar's actions, Nationstar is liable to Plaintiffs for actual damages as well as reasonable attorneys' fees and costs.

**WHEREFORE**, Plaintiffs Dennis Halfpenny and Sharon Halfpenny pray that this Court enter its order granting judgment against Defendant Nationstar Mortgage LLC d/b/a Mr. Cooper for the following

A.　Actual damages in an amount to be determined at trial;

B.　Reasonable attorneys' fees and costs; and,

C.　Such other relief which this Court may deem appropriate.

**COUNT FOUR: AGAINST SN SERVICING**
**VIOLATIONS OF RESPA, 12 C.F.R. § 1024.35(e) AND 12 U.S.C. § 2605(k)**

**(Failure to properly respond to NOE #4 and perform a reasonable investigation into the errors asserted therein)**

118.　Plaintiffs restate and incorporate all of their statements and allegations contained in paragraphs 1 through 76, in their entirety, as if fully rewritten.

119.　12 C.F.R. § 1024.35(a) provides that "[a] servicer shall comply with the requirements of this section for any written notice from the borrower that asserts an error and that includes the name of the borrower, information that enables the servicer to identify the borrower's mortgage loan account, and the error the borrower believes has occurred."

120.　Comment 1 of the CFPB's Official Interpretations of 12 C.F.R. § 1024.35(a) provides that "[a] notice of error is submitted by a borrower if the notice of error is submitted by an agent of the borrower."

121.　12 C.F.R. § 1024.35(e)(1)(i) provides:

    (A)   Correcting the error or errors identified by the borrower and providing the borrower with a written notification of the correction, the effective date of the correction, and contact information, including a telephone number, for further assistance; or

    (B)   Conducting a reasonable investigation and providing the borrower with a written notification that includes a statement that the servicer has determined that no error occurred, a statement of the reason or reasons for this determination, a statement of the borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the borrower can request such documents, and contact information, including a telephone number, for further assistance.

122.    12 U.S.C. § 2605(k)(1)(C) provides that "[a] servicer of a federally related mortgage shall not … fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties."

123.    Standard servicer duties are those "typically undertaken by servicers in the ordinary course of business." 78 FR 10696, 10739.

124.    12 U.S.C. § 2605(k)(1)(E) provides that "[a] servicer of a federally related mortgage shall not … fail to comply with any other obligation found by the Bureau of Consumer Financial Protection, by regulation, to be appropriate to carry out the consumer protection purposes of this chapter."

125.    NOE #4 meets the requirements of a notice of error as defined by 12 C.F.R. § 1024.35(a) because it contains Plaintiffs' names, loan number, property address, and states the errors Plaintiffs believe to have occurred. *See* **Exhibit 12**.

126.    Plaintiffs sent NOE #4 to SN Servicing at the SN Servicing Designated Address and SN Servicing received the same at the SN Servicing Designated Address. *See* **Exhibit 12**.

127.    SN Servicing wholly failed to respond to NOE #4, and, on information and belief, failed to correct or perform any reasonable investigation into the errors asserted by NOE #4.

128.    SN Servicing's actions caused Plaintiffs to suffer actual damages as further described *supra*.

129.    SN Servicing's failure to respond to, correct, or properly investigate the errors alleged through NOE #4 constitutes a distinct violation of 12 C.F.R. § 1024.35(e) and 12 U.S.C. §§ 2605(k)(1)(C) and (E).

130.    SN Servicing's actions are believed to be part of a pattern and practice of behavior in conscious disregard for Plaintiffs' rights and in abdication of its obligations and duties under RESPA and Regulation X.

131.    As a result of SN Servicing's actions, SN Servicing is liable to Plaintiffs for actual damages and statutory damages. 12 U.S.C. § 2605(f)(1).

132.    Additionally, Plaintiffs request reasonable attorneys' fees and costs incurred in connection with this action. 12 U.S.C. § 2605(f)(3).

**WHEREFORE**, Plaintiffs Dennis Halfpenny and Sharon Halfpenny pray that this Court enter its order granting judgment against Defendant SN Servicing Corporation for the following:

A.    Actual damages in an amount to be determined at trial;

B.    Statutory damages of Two Thousand Dollars ($2,000.00) per violation of 12 C.F.R. § 1024.35(e) and 12 U.S.C. §§ 2605(k)(1)(C) and (E);

C.    Reasonable attorneys' fees and costs; and,

D.    Such other relief which this Court may deem appropriate.

## COUNT FIVE: AGAINST SN SERVICING
## VIOLATIONS OF ICFA, 815 ILCS 505/1, *et seq.*

133.    Plaintiffs restate and incorporate all of their statements and allegations contained in paragraphs 1 through 76, in their entirety, as if fully rewritten.

134.    815 ILCS 505/2, states, in relevant part:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact... in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

135.    815 ILCS 505/10a, states, in relevant part, that "[a]ny person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion, may award actual economic damages or any other relief which the court deems proper."

136.    SN Servicing violated ICFA by engaging in an unfair and deceptive act or practice by deceptively representing, falsely representing, and/or misrepresenting to Plaintiffs the status of the Loan, the amounts owed, and how their payments were applied through its periodic billing statements.

137.    SN Servicing's conduct occurred during the course of trade or commerce.

138.    SN Servicing's unfair and deceptive conduct was immoral, unethical, unscrupulous and oppressive, especially in that SN Servicing was, at all times relevant, in a position of strength in relation to Plaintiffs.

139.    SN Servicing owed Plaintiffs a duty of good faith and fair dealing and a fiduciary duty as servicer. SN Servicing had discretion with respect to its application of Plaintiffs' monthly mortgage payments.

140.    SN Servicing's conduct violates public policy, including RESPA, because, as detailed *supra*, SN Servicing used deceptive, false, and/or misleading representations in connection with its collection of the Loan.

141.    SN Servicing's conduct caused Plaintiffs to suffer actual damages as further described *supra*.

142.    In addition, SN Servicing's conduct has caused Plaintiffs to suffer severe emotional distress driven by fear and uncertainty in their financial well-being and their obligations under the Loan which has resulted in loss of sleep, anxiety, depression, and other significant harm.

143.    As a result of SN Servicing's actions, SN Servicing is liable to Plaintiffs for actual damages as well as reasonable attorneys' fees and costs.

**WHEREFORE**, Plaintiffs Dennis Halfpenny and Sharon Halfpenny pray that this Court enter its order granting judgment against Defendant SN Servicing Corporation for the following

A.      Actual damages in an amount to be determined at trial;

B.      Reasonable attorneys' fees and costs; and,

C.      Such other relief which this Court may deem appropriate.

Respectfully submitted:

*/s/ Marc E. Dann*
Marc E. Dann (OH #0039425)
Brian D. Flick (OH #0081605)
Dann Law
P.O. Box 6031040
Cleveland, OH 44103
Telephone: 216-373-0539
Facsimile: 216-373-0536

notices@dannlaw.com

Thomas A. Zimmerman, Jr.
*tom@attorneyzim.com*
Sharon A. Harris
*sharon@attorneyzim.com*
**ZIMMERMAN LAW OFFICES, P.C.**
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
(312) 440-0020 telephone
(312) 440-4180 facsimile
*www.attorneyzim.com*
*Counsel for Plaintiffs Dennis Halfpenny and Sharon Halfpenny*

## JURY DEMAND

Plaintiffs hereby request a trial by jury on all issues, with the maximum number of jurors permitted by law.

*/s/ Marc E. Dann*
Marc E. Dann (OH #0039425)
Dann Law
*Counsel for Plaintiffs Dennis Halfpenny and Sharon Halfpenny*